HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD PONTON, SR., Individually; RONALD PONTON, dba MEXICO MOVING COMPANY; and TOMIKA PONTON;<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, N.A.,<br><br>Defendants. | CASE NO. 2:24-cv-00248-RAJ<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs Ronald Ponton, Sr.; Ronald Ponton, dba Mexico Moving Company; and Tomika Ponton's Motion to Transfer Venue. Dkt. # 4.

For the reasons set forth below, the Court **DENIES** Plaintiffs' Motion.

## II. BACKGROUND

This case arises out of a Washington State garnishment order issued to collect a Washington federal court judgment against Plaintiffs Ronald Ponton, Sr.; Ronald Ponton,

ORDER - 1

dba Mexico Moving Company; and Tomika Ponton ("Plaintiffs"). Plaintiffs initiated a bankruptcy proceeding in the Eastern District of Washington after alleging they were the victims of fraud committed by LLS America LLC ("LLS"). Dkt. # 35 at ¶ 45. Bruce Kriegman ("Mr. Kriegman"), the trustee of LLS, filed an adversary action against Plaintiffs, claiming they were "net winners" in an alleged Ponzi scheme. *Id.* at ¶ 46. In 2015, Mr. Kriegman obtained a default judgment against Plaintiffs. *Id*.

To collect the owed debt, Mr. Kriegman obtained a Washington State writ of garnishment in February 2022 and served it on Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("Defendants" or "Chase"), with whom Plaintiffs maintained three financial accounts. *Id.* at ¶¶ 48-49. Chase subsequently placed a hold on these accounts. *Id.* at ¶ 51. Plaintiffs filed suit against Mr. Kriegman to litigate the validity of the underlying garnishment and removed the case to this District via their same present counsel on March 14, 2022. *See generally Kriegman v. Ponton, Jr.*, No. 2:22-cv-00307-RSM, 2022 WL 17324303 (W.D. Wash. Nov. 29, 2022). Mr. Kriegman voluntarily dismissed his action against Plaintiffs. *Id*.

In the instant matter, Plaintiff are suing Chase based on how Chase handled the garnishment proceedings and placed holds on their accounts, specifically pertaining to the Washington State garnishment exemption applied to the accounts. Dkt. # 35. Initially, Plaintiffs filed a Class Action Complaint against Defendants in which they also asserted various claims on behalf of themselves and an unascertained number of class members. Dkt # 1. Plaintiffs filed their First Amended Complaint on June 21, 2024, dropping their class allegations and claim for tortious interference, but keeping their claims for (1) consumer fraud under Texas law, (2) gross negligence, (3) willful misconduct, (4) breach of contract, and (5) consumer fraud under Illinois law. Dkt. ## 35; 43-1 at 299-330. The First Amended Complaint adds two new counts: (1) intentional

ORDER - 2

infliction of emotional distress and (2) violation of the Washington Consumer Protection Act. Dkt. # 35 at 152-76.

Plaintiffs now seek to transfer this case to the United States District Court for the Southern District of Texas, Laredo Division. Dkt. # 4 at 1. Because Plaintiffs fail to make a "strong showing" of inconvenience that would merit transferring venue, the Court denies their Motion.

### III.   LEGAL STANDARD

The court has discretion to "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In ruling on a motion to transfer, the Court "must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (internal citation omitted). "The party requesting a change of venue bears the burden to make a 'strong showing' of inconvenience to warrant upsetting the [original] choice of forum." *Goldiner v. Datex-Ohmeda Cash Balance Plan*, No. 2:09-02081-RAJ, 2008 WL 11343343, at *1 (W.D. Wash. June 4, 2008) (quoting *Decker Coal Co.*, 805 F.2d at 843).

Courts consider several factors when determining whether to transfer venue, including: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000). "The relative

convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under section 1404(a)." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005).

## IV.     DISCUSSION

As a preliminary matter, the Court must address whether the instant Motion, which Plaintiffs filed before their First Amended Complaint, has been rendered moot by the subsequent pleading. The Ninth Circuit recognizes the "well-established doctrine that an amended pleading supersedes the original pleading." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). However, courts have discretion to interpret a motion to transfer as applicable to an amended complaint where such a motion was filed before the amended complaint and the facts remain substantially similar. *See WowWee Grp., Ltd. v. Wallace*, No. CV-12-2298-MWF(VBKx), 2012 WL 13013022 (C.D. Cal. June 27, 2012) (ruling that the court had jurisdiction to adjudicate a motion to transfer and apply the facts of the plaintiff's original complaint to the amended complaint).

The court finds that forcing Plaintiffs to file the same Motion a second time would be a waste of both the Court's resources and that of the parties. While the First Amended Complaint adds individual causes of action and eliminates all class-related claims, the instant Motion is still procedural in nature, and the procedural posture remains unchanged. Accordingly, the court will rule on the merits of Plaintiffs' Motion by evaluating the arguments that pertain to the individual claims only.

The court can summarily deny Plaintiffs' Motion, as it fails to address individually the eight *Jones* factors cited, *supra*. Assuming, *arguendo*, that Plaintiffs did at least attempt to address the *Jones* factors, their Motion would still lack merit.

Plaintiffs' primary argument for transferring venue is that "[t]he Defendants have not been served with the complaint and therefore have not appeared in this action." Dkt.

ORDER - 4

# 4 at 3. Failure to serve a party bears no merit on a court's granting a discretionary transfer under *Jones* or *Decker*. Moreover, Plaintiffs' statement that "[t]his request is very similar to the request in *Bodo v. Angasan* in that it is an issue of jurisdiction and the defendants have not yet been served with the complaint" is false. *Id*.

*Bodo* is inapposite to these proceedings. In *Bodo v. Angasan*, No. 2:22-cv-01377-LK, 2023 WL 1778836, at *1 (W.D. Wash. Feb 6, 2023), the court granted the plaintiff's motion to dismiss because the defendants "ha[d] not yet appeared in this action." However, the court never stated that it granted the motion on the basis that the defendants had not yet been served with the complaint, which is what the Plaintiffs here interpret to be the court's ruling. Dkt. # 4 at 3. In this case, Defendants filed a Request for Time to Respond to Plaintiffs' Complaint and Motion to Transfer Venue and concurrently offered to waive service pursuant to Federal Rule of Civil Procedure 4(d). *See* Fed. R. Civ. P. 4(d)(5) ("[w]aiving service of a summons does not waive any objection to personal jurisdiction or venue."). Lack of service is not a factor for the Court to consider under the *Jones* factors.

Conversely, a plaintiff's choice of forum *is* a relevant *Jones* factor. Plaintiffs knowingly filed their case in this Court. Five (5) days later, they filed the instant motion, positing that it would not be in "the interest of justice" for this Court to retain jurisdiction. Dkt. # 4 at 3, 5. They fail to offer any specific reasons why transfer is the appropriate procedural vehicle, let alone discuss the factors elucidated in *Jones*. Plaintiffs provide the conclusory statement that the "Southern District of Texas is a more convenient forum," but they do not expand upon this argument, other than mentioning, without citations to any exhibits, that the "ease of access to documents and witnesses . . . weighs in favor of transfer." *Id.* at 4, 6-7. Given that Plaintiffs seek to flee the same jurisdiction in which they filed only *five* days earlier, the Court is concerned their Motion constitutes

ORDER - 5

a bad-faith attempt at forum-shopping.

Finally, the Court admonishes Plaintiffs for the veiled and patently unsupported accusation that Defendants are participating in procedural gamesmanship. In their Reply, Plaintiffs claim Defendants wants to remain in this forum because "they may get the previous [garnishment] case assigned as a related case, and they will get Judge Martinez assigned to this case [,] whom they believe is favorable to their position." Dkt. # 22 at 2. This impugnation directed at opposing counsel is inappropriate.

## V.  CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Transfer Venue. Dkt. # 4.

Dated this 1st day of October, 2024.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge