HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD PONTON, SR., Individually; RONALD PONTON, dba MEXICO MOVING COMPANY; and TOMIKA PONTON;<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, N.A.,<br><br>Defendants. | CASE NO. 2:24-cv-00248-RAJ<br><br>ORDER |

## I.   INTRODUCTION

THIS MATTER comes before the Court on Plaintiffs Ronald Ponton, Sr.; Ronald Ponton, dba Mexico Moving Company; and Tomika Ponton (collectively, the "Pontons" or "Plaintiffs")'s Motion to Certify a Question to the Washington Supreme Court. Dkt. # 46.

For the reasons set forth below, the Court **DENIES** Plaintiffs' Motion.

ORDER - 1


## II. BACKGROUND

This case arises out of a Washington State garnishment order issued to collect a judgment against Plaintiffs. Plaintiffs initiated a bankruptcy proceeding in the Eastern District of Washington after alleging they were the victims of fraud committed by LLS America LLC ("LLS"). Dkt. # 35 at ¶ 45. Bruce Kriegman ("Mr. Kriegman"), the trustee of LLS, filed an adversary action against Plaintiffs, claiming they were "net winners" in an alleged Ponzi scheme. *Id.* at ¶ 46. In 2015, Mr. Kriegman obtained a default judgment against Plaintiffs. *Id*.

To collect the owed debt, Mr. Kriegman obtained a Washington State writ of garnishment in February 2022 and served it on Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("Defendants"), with whom Plaintiffs maintained three financial accounts. *Id.* at ¶¶ 48-49. Chase subsequently placed a hold on these accounts. *Id.* at ¶ 51. Mr. Kriegman filed suit against the Pontons to litigate the validity of the underlying garnishment, and the Pontons removed the case to this District via their same present counsel on March 14, 2022. *See generally Kriegman v. Ponton*, No. 2:22-cv-00307-RSM, 2022 WL 17324303 (W.D. Wash. Nov. 29, 2022). Mr. Kriegman voluntarily dismissed his action against Plaintiffs. *Id*.

In the instant matter, Plaintiff are suing Defendants based on how Defendants handled the garnishment proceedings and placed holds on their accounts, specifically pertaining to the Washington State garnishment exemption applied to the accounts. Dkt. # 35. Their position is that because they are Alabama residents and the situs of the deposit accounts is Alabama, their bank deposits cannot be garnished from the state of Washington. Dkt. # 46 at 2. Initially, Plaintiffs filed a Class Action Complaint against Defendants in which they also asserted various claims on behalf of themselves and an unascertained number of class members. Dkt # 1. Plaintiffs filed their First Amended

Complaint on June 21, 2024, dropping their class allegations and claim for tortious interference, but keeping their claims for (1) consumer fraud under Texas law, (2) gross negligence, (3) willful misconduct, (4) breach of contract, and (5) consumer fraud under Illinois law. Dkt. ## 35, 43-1 at 299-330. The First Amended Complaint adds two new counts: (1) intentional infliction of emotional distress and (2) violation of the Washington Consumer Protection Act. Dkt. # 35 at 152-76. Defendants have filed a Motion to Dismiss Plaintiffs' First Amended Complaint. Dkt. # 42.

Plaintiffs now move to certify the following question to the Washington Supreme Court: "[u]nder RCW 6.27.080, does a Washington writ of garnishment directed to a financial institution that does business in Washington but has locations throughout the United States attach to a judgment debtor's bank accounts where the situs of those bank accounts is out of state?" Dkt. # 46 at 4-5.

### III.    LEGAL STANDARD

Whether to certify a question to the state supreme court is within the sound discretion of the federal court. *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008). Although certifying a question may, in the long run, "save time, energy, and resources and help [to] build a cooperative judicial federalism," the "mere difficulty in ascertaining local law is no excuse for" certifying such questions. *Lehman Bros. v. Schein*, 416 U.S. 386, 390-391 (U.S. 1974) ("[w]e do not suggest that where there is doubt as to local law and where the certification procedure is available, resort to it is obligatory."). Nevertheless, where state law is unsettled, and the answers to the court's questions are dispositive of the issues, certification to the state supreme court is appropriate. *Amaker v. King Cnty.*, 540 F.3d 1012, 1013 (9th Cir. 2008); RCW 2.60.020.

ORDER - 3

### IV. DISCUSSION

The Court summarily denies Plaintiffs' Motion. Primarily, Plaintiffs are conflating the issues in the instant case with those from the garnishment litigation involving Mr. Kriegman. The garnishment litigation hinged on whether Mr. Kriegman, as the judgment creditor, could garnish and obtain turnover of funds in bank accounts located outside of Washington. *See Kriegman*, 2022 WL 17324303, at *1. In that matter, the Honorable Ricardo S. Martinez found that certification of two questions, including a question identical to the one posed before this Court, was appropriate. *Kriegman v. Ponton*, No. 2:22-cv-00307-RSM, 2022 WL 11777151, at *2 (W.D. Wash Oct. 20, 2022). Ultimately, Mr. Kriegman voluntarily dismissed his case before the Washington Supreme Court could analyze this issue.

Although certification may have been appropriate in the garnishment litigation, it is not necessary to adjudicate *this* case. Unlike in the garnishment litigation, this case does not concern the validity of the garnishment, but rather Defendants' placing holds on Plaintiffs' deposit accounts following a court order. On March 24, 2022, the Plaintiffs in the garnishment litigation filed a Joint Motion for Entry of Order Freezing Funds in Three Accounts (the "Agreed Motion"). Dkt. # 16, No. 2:22-cv-00307-RSM. Judge Martinez granted the Agreed Motion and entered a Hold Order on March 25, 2022, which prompted Defendants to freeze Plaintiffs' accounts. Dkt. # 17, No. 2:22-cv-00307-RSM. Given that this case concerns Defendants' compliance with a court order, Plaintiffs' proposed question would be appropriate if Mr. Kriegman, as the judgment creditor, were a party. He is not.

In their First Amended Complaint, Plaintiffs allege that "[e]ach of the accounts opened by the Plaintiffs is governed by a Deposit Account Agreement" ("DAA"). Dkt. # 35 at ¶ 118. The plain language of the DAAs appears to authorize Defendants to restrict

Plaintiffs' accounts. One provision reads, "[w]e may refuse, freeze, reverse, or delay any specific withdrawal, payment, or transfer of funds . . . including in one or more of the following circumstances: [ ] your account is involved in any legal or administrative proceeding." Dkt. # 48-1 at 418. The legal proceeding in this instance was the garnishment litigation, which Defendants cite as the reason why they placed a hold on Plaintiffs' accounts, in addition to the Hold Order instructing them to do so.

While the Court will analyze the legality of Defendants' actions when adjudicating their pending Motion to Dismiss, it is clear that Plaintiffs do not meet the high standard necessary for certifying a question to the Washington Supreme Court. This Court possesses all the information it requires to determine this dispute, and certification is not only inappropriate, but it may also delay these proceedings for an indefinite period of time. To cinch the matter, Plaintiffs do not cite to any binding authority that compels the Court to refrain from exercising its discretion to deny certification. *See Thompson*, 547 F.3d at 1065 (ruling that certifying a question to the state supreme court is within the sound discretion of the federal court).

## V.     CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Certify a Question to the Washington Supreme Court. Dkt. # 46.

Dated this 25th day of November, 2024.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER - 5