UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD PONTON, SR., Individually; RONALD PONTON, dba MEXICO MOVING COMPANY; and TOMIKA PONTON;<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, N.A.,<br><br>Defendants. | CASE NO. 2:24-cv-00248-RAJ<br><br>ORDER |

## I.  INTRODUCTION

THIS MATTER comes before the Court on Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "Defendants")'s Motion to Dismiss.  Dkt. # 42.  Plaintiffs Ronald Ponton, Sr.; Ronald Ponton, dba Mexico Moving Company; and Tomika Ponton (collectively, "the Pontons" or "Plaintiffs") filed a response, to which Defendants replied.  Dkt. ## 44, 45.

For the reasons set forth below, the Court **GRANTS** Defendants' Motion. Plaintiff's First Amended Complaint, in its entirety, is **DISMISSED WITH PREJUDICE**.

## II.    BACKGROUND

This case arises out of a Washington State garnishment order issued to collect a judgment against Plaintiffs.  Plaintiffs initiated a bankruptcy proceeding in the Eastern District of Washington after alleging they were the victims of fraud committed by LLS America LLC ("LLS"). Dkt. # 35 at ¶ 45.  Bruce Kriegman ("Mr. Kriegman"), the trustee of LLS, filed an adversary action against Plaintiffs, claiming they were "net winners" in an alleged Ponzi scheme. *Id.* at ¶ 46.  In 2015, Mr. Kriegman obtained a default judgment against Plaintiffs. *Id*.

To collect the owed debt, Mr. Kriegman obtained a Washington State writ of garnishment in February 2022 and served it on Defendants, with whom Plaintiffs maintained three financial accounts. *Id.* at ¶¶ 48-49.  Defendants subsequently placed a hold on these accounts. *Id.* at ¶ 51.  Mr. Kriegman filed suit against the Pontons to litigate the validity of the underlying garnishment, and the Pontons removed the case to this District via their same present counsel on March 14, 2022, with the Honorable Ricardo S. Martinez presiding over the matter. *See generally Kriegman v. Ponton*, No. 2:22-cv-00307-RSM, 2022 WL 17324303 (W.D. Wash. Nov. 29, 2022).  Mr. Kriegman voluntarily dismissed his action against Plaintiffs. *Id*.

In the instant matter, Plaintiffs are suing Defendants based on how Defendants handled the garnishment proceedings and placed holds on their accounts, specifically pertaining to the Washington State garnishment exemption applied to the accounts. Dkt. # 35.  Their position is that because they are Alabama residents and the situs of the deposit accounts is Alabama, their bank deposits cannot be garnished from the state of

Washington. Dkt. # 46 at 2. Initially, Plaintiffs filed a Class Action Complaint against Defendants in which they also asserted various claims on behalf of themselves and an unascertained number of class members. Dkt # 1. Plaintiffs filed their First Amended Complaint on June 21, 2024, dropping their class allegations and claim for tortious interference, but keeping their claims for (1) consumer fraud under Texas law, (2) gross negligence, (3) willful misconduct, (4) breach of contract, and (5) consumer fraud under Illinois law. Dkt. ## 35, 43-1 at 299-330. The First Amended Complaint adds two new counts: (1) intentional infliction of emotional distress and (2) violation of the Washington Consumer Protection Act. Dkt. # 35 at ¶¶ 152-76. Defendants now move to dismiss Plaintiffs' Amended Complaint. Dkt. # 42.

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder*

*v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## IV. DISCUSSION

The Court grants Defendants' Motion for two primary reasons: (1) Defendants had a legal obligation to comply with Judge Martinez's order to place holds on the deposit accounts (the "Hold Order") and (2) Plaintiffs' series of singular, superfluous, and specious arguments, most of which pertain to a Consent Order involving another banking entity, does not hold muster. Accordingly, the Court need not tarry by analyzing each cause of action alleged by Plaintiffs in their First Amended Complaint. However, because of this action's complex procedural history, the Court deems it necessary to summarize, in succinct fashion, the relevant portions of the underlying garnishment litigation that impact its ruling on the instant matter.

The garnishment litigation hinged on whether Mr. Kriegman, as the judgment creditor, could garnish and obtain turnover of funds in bank accounts located outside of Washington. *See Kriegman*, 2022 WL 17324303, at *1. On March 24, 2022, the parties in the garnishment litigation filed a Joint Motion for Entry of Order Freezing Funds in Three Accounts (the "Agreed Motion"). Dkt. # 16, No. 2:22-cv-00307-RSM. Judge Martinez granted the Agreed Motion and entered a Hold Order on March 25, 2022, which prompted Defendants to freeze the Ponton's accounts. Dkt. # 17, No. 2:22-cv-00307-RSM. In December 2022, the Hold Order was vacated, and Defendants subsequently released the hold in compliance with Judge Martinez's express instructions. Dkt. # 35 at ¶ 70.

### A. Compliance with Court Order

The Court adopts Defendants' reasoning that Plaintiffs' claims fail as a matter of law because Defendants had a legal obligation to comply with both the underlying

garnishment and the agreed Hold Order. "The orderly and expeditious administration of justice by the courts requires that an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." *Maness v. Meyers*, 419 U.S. 449, 459 (1975) (internal citation and quotation marks omitted). Washington statutory authority regarding garnishments comports with the Supreme Court's view that complying with a court order is of the utmost importance. *See* RCW 6.27.120(1) ("[f]rom and after the service of a writ of garnishment, it shall not be lawful, except as provided in this chapter *or as directed by the court*, for the garnishee to pay . . . or transfer . . . any personal property . . . belonging to the defendant in the garnishee's possession or the garnishee's control at the time of such service." (emphasis added). "The garnishee may not lawfully dispose of the thing garnished but *must hold it subject to the order of the court*." *Hawley v. Isaacson*, 117 Wash. 197, 202-03 (1921) (emphasis added).

Here, Defendants were simply complying with an order stemming from the garnishment litigation. In that matter, the Pontons entered into an Agreed Motion providing that Defendants could continue to freeze their funds despite the accounts being located outside of Washington. The Agreed Motion states the following:

> Chase Bank has frozen funds in three accounts in response to the writ of garnishment issued by Bruce P. Kriegman . . . [t]he Parties respectfully ask the Court to enter an Order freezing the funds currently held in those [accounts] until further order. The Parties are in agreement that freezing those funds currently held in those accounts pending a further order of the Order preserves the status quo and allows the parties to resolve this matter on its merits.

Dkt. # 16 at 2, No. 2:22-cv-00307-RSM. Thus, it was Plaintiffs themselves who asked the Court to restrict the funds in their out-of-state accounts, prompting Judge Martinez to issue the Hold Order. Defendants posit that "Plaintiffs cannot now sue Chase for doing

exactly what Plaintiffs agreed to and this Court ordered." Dkt. # 45 at 2. The Court concurs.

Moreover, the language contained in the accounts further hinders the merits of Plaintiffs' case. In their First Amended Complaint, Plaintiffs allege that "[e]ach of the accounts opened by the Plaintiffs is governed by a Deposit Account Agreement" ("DAA"). Dkt. # 35 at ¶ 118. The plain language of the DAAs appears to authorize Defendants to restrict Plaintiffs' accounts. One provision reads, "[w]e may refuse, freeze, reverse, or delay any specific withdrawal, payment, or transfer of funds . . . including in one or more of the following circumstances: [ ] your account is involved in any legal or administrative proceeding." Dkt. # 48-1 at 418. The legal proceeding in this instance was the garnishment litigation, which Defendants cite as the reason why they placed a hold on Plaintiffs' accounts, in addition to the Hold Order instructing them to do so.

To cinch the matter, Plaintiffs' response brief fails to refute any of these points, and instead consists of unsupported assertions and inaccurate statements of fact. Plaintiffs' claim that the underlying garnishment was "defective on its face" is conclusory. Additionally, Judge Martinez already adjudicated the validity of the underlying garnishment by denying Plaintiffs' (1) Motion for a Temporary Restraining Order, (2) Motion to Quash, and (3) Motion for Reconsideration. Dkt. ## 15, 28, 33, No. 2:22-cv-00307-RSM.

Defendants had a legal obligation to hold Plaintiffs' funds at all relevant times pursuant to a valid court order and Plaintiffs' own request, ultimately releasing the hold once the garnishment litigation concluded. On this basis alone, the Court finds Defendants did not commit any wrongdoing and **GRANTS** their Motion to Dismiss.

**B.      Consent Order and Consumer Financial Protection Bureau *Dicta***

The Court will briefly entertain the argument set forth by Plaintiffs that a May 4, 2022, Consent Order between the Consumer Financial Protection Bureau ("CFPB") and Bank of America, N.A. ("Bank of America") regarding restriction states renders Defendants' freezing of the accounts invalid.[1]  First, the Consent Order is not relevant to the instant matter, as it is a bilateral consent order binding Bank of America only. Second, the restriction state argument is misleading.  The CFPB has defined a "restriction state" as one that does not permit its own garnishments to reach bank accounts located outside of its own borders.  Dkt. # 43-1 at 247.  Washington is not one of the five restriction states identified by the CFPB.  *Id*.

Seemingly disregarding these facts, Plaintiffs aver that Defendants had a "duty to determine which states were Restriction States as the CFPB Consent Order specifically said" or to "notify the issuing court" where Plaintiffs' accounts were located.  Dkt. # 35 at ¶¶ 57-58, 71-72, 104.  The Court looks to RCW 6.27.080(3) and summarily disregards this argument.  The statute provides that a garnishment directed to financial institution can affect deposits in the financial institution without geographical restriction.  "A writ naming the financial institution as the garnishee defendant shall be effective only to attach deposits of the defendant in the financial institution . . . ."  RCW 6.27.080(3). Defendants complied with the provisions of this statute because the writ named them as the financial institution, and Plaintiffs' deposits in the bank were subsequently frozen.

---

[1] The Court is aware of the supplemental authority filed by Plaintiffs on October 3, 2024. Dkt. # 52.  The cited case from the Washington Court of Appeals is not binding on this Court and is inapposite to the instant matter, as it pertains to different statutes and fails to even mention the effects of restriction states, if any, on a financial institution's right to place a hold on an account.

1       Any further attempt to amend the operative pleading in this case would be futile,

2 as it is clear that Defendants did not cause any damage to Plaintiffs by complying with

3 the Hold Order in the underlying garnishment litigation.  Accordingly, the Court will

4 dismiss Plaintiffs' First Amended Complaint **with prejudice**.

### V.     CONCLUSION

6       Based on the foregoing reasons, the Court **GRANTS** Defendants' Motion to

7 Dismiss.  Dkt. # 42.  Plaintiff's First Amended Complaint is **DISMISSED WITH**

8 **PREJUDICE**.  Dkt. # 35.  The Clerk is instructed to close this case.

10       Dated this 31st day of December, 2024.

Richard A. Jones
_____
The Honorable Richard A. Jones
United States District Judge

ORDER - 8